UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRACY N. CARDELLI, individually and as Personal Representative of the Estate of her late husband, STEPHEN D. CARDELLI, JR.<br><br>and<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>     Plaintiffs,<br><br>v.<br><br>DAE AVIATION ENTERPRISES, CORP. d/b/a EMERSON AVIATION<br><br>and<br><br>AVCO CORPORATION,<br><br>     Defendants. | Case No. 2:11-cv-00217-GZS |

**ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL
OF DEFENDANT AVCO CORPORATION**

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant Avco Corporation ["AVCO"] responds as follows to the Complaint And Demand For Jury Trial filed May 27, 2011 (Document No. 1) [the "Complaint"] of Plaintiffs Tracy N. Cardelli (individually and as Personal Representative of the Estate of her late husband Stephen D. Cardelli, Jr.) and National Union Fire Insurance Company of Pittsburgh, PA [collectively, "Plaintiffs"]:

*Summary of the Action*

1.     AVCO states that Paragraph 1 of the Complaint contains conclusions of law to which no response is required.  AVCO admits that decedent Stephen D. Cardelli, Jr. ["Decedent"] was involved in an aircraft accident.  AVCO lacks knowledge or information

1

sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2.      AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint.  AVCO states that Paragraph 2 of the Complaint contains conclusions of law to which no response is required.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      AVCO admits that, upon information and belief, the aircraft's logbooks contained a "sign off" by Defendant DAE Aviation Enterprises, Corp. d/b/a Emerson Aviation ["Emerson Aviation"].  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 3 of the Complaint.  AVCO states that Paragraph 3 of the Complaint contains conclusions of law to which no response is required.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      AVCO admits that, upon information and belief, Emerson Aviation did not conduct an "engine run-up," subsequent to performance of the aircraft maintenance.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 4 of the Complaint.  AVCO states that Paragraph 4 of the Complaint contains conclusions of law to which no response is required.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      AVCO denies the allegations contained in Paragraph 5 of the Complaint.

6.      AVCO admits that, on or about June 13, 2009, an aircraft with tail number N52670 was involved in an accident.  AVCO admits that Decedent is deceased.  AVCO denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      AVCO denies the allegations contained in Paragraph 7 of the Complaint.

*Parties*

8.      AVCO denies that it was in any way "careless" or negligent.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint regarding the residence of Tracy Cardelli, the residence of Decedent, and the alleged appointment of Tracy Cardelli as Personal Representative of the Estate of Stephen D. Cardelli, Jr. [the "Estate"].  AVCO states that Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  AVCO denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     AVCO admits that AVCO is incorporated in the State of Delaware and that, through its Lycoming operating division, AVCO manufactures aircraft engines.  AVCO denies the remaining allegations contained in Paragraph 12 of the Complaint.

*Statement of Jurisdiction*

13.     AVCO states that Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  AVCO denies that it is in any way liable.  AVCO lacks

2480886.2

knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of the Complaint.

### Statement of Venue

14.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.  AVCO states that Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

### Factual Allegations

15.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     AVCO admits that, upon information and belief, the engine logbooks contained a "sign off" by Emerson Aviation.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 18 of the Complaint.

19.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     AVCO admits that, upon information and belief, Emerson Aviation did not conduct an "engine run-up" subsequent to the referenced maintenance.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint.

4

2480886.2

22.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     AVCO denies the allegations contained in Paragraph 25 of the Complaint.

26.     AVCO admits that, based upon information and belief, oil was observed on the accident taxiway.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 26 of the Complaint.

27.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint.

29.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint.

35.    AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint.

36.    AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint.

37.    AVCO admits that, based upon information and belief, post-accident investigation by the National Transportation Safety Board ["NTSB"] revealed approximately two ounces of residual oil in the engine oil system.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 37 of the Complaint.

38.    AVCO denies the allegations contained in Paragraph 38 of the Complaint.

39.    AVCO denies that AVCO is in any way liable.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 39 of the Complaint.  AVCO states that Paragraph 39 of the Complaint contains conclusions of law to which no response is required.

*Federal Aviation Regulations*

40.    AVCO states that Paragraph 40 of the Complaint contains conclusions of law to which no response is required.  AVCO states that 14 C.F.R. § 91.409 speaks for itself.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 40 of the Complaint.

6

41.     AVCO states that Paragraph 41 of the Complaint contains conclusions of law to which no response is required.  AVCO states that 14 C.F.R. § 43.11 speaks for itself.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     AVCO states that Paragraph 42 of the Complaint contains conclusions of law to which no response is required.  AVCO states that 14 C.F.R. § 43.15(c)(2) speaks for itself.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.     AVCO states that Paragraph 43 of the Complaint contains conclusions of law to which no response is required.  AVCO states that 14 C.F.R. § 43.7 speaks for itself.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     AVCO states that Paragraph 44 of the Complaint contains conclusions of law to which no response is required.  AVCO states that 14 C.F.R. § 23.1551 speaks for itself.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 44 of the Complaint.

*Count One: Negligence*
*(Emerson Aviation)*

45.     AVCO states that the allegations contained in Paragraph 45 of the Complaint do not assert any claims against AVCO for which a response is required.  To the extent that a further response is required, AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     AVCO states that the allegations contained in Paragraph 46 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required.

7

To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore denies the same.

47.     AVCO states that the allegations contained in Paragraph 47 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies the same.

48.     AVCO states that the allegations contained in Paragraph 48 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49.     AVCO states that the allegations contained in Paragraph 49 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50.     AVCO states that the allegations contained in Paragraph 50 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

8

51.     AVCO states that the allegations contained in Paragraph 51 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52.     AVCO states that the allegations contained in Paragraph 52 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore denies the same.

53.     AVCO states that the allegations contained in Paragraph 53 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore denies the same.

54.     AVCO states that the allegations contained in Paragraph 54 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore denies the same.

55.     AVCO states that the allegations contained in Paragraph 55 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information

sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore denies the same.

<em>Count Two: Pain and Suffering</em><br><em>(Emerson Aviation)</em>

56.     AVCO states that the allegations contained in Paragraph 56 of the Complaint do not assert any claims against AVCO for which a response is required.  To the extent that a further response is required, AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     AVCO states that the allegations contained in Paragraph 57 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore denies the same.

58.     AVCO states that the allegations contained in Paragraph 58 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore denies the same.

59.     AVCO states that the allegations contained in Paragraph 59 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore denies the same.

2480886.2

*Count Three: Negligent Infliction of Emotional Distress*
*(Emerson Aviation)*

60.     AVCO states that the allegations contained in Paragraph 60 of the Complaint do not assert any claims against AVCO for which a response is required.  To the extent that a further response is required, AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     AVCO states that the allegations contained in Paragraph 61 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore denies the same.

62.     AVCO states that the allegations contained in Paragraph 62 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore denies the same.

63.     AVCO states that the allegations contained in Paragraph 63 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Complaint, and therefore denies the same.

64.     AVCO states that the allegations contained in Paragraph 64 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information

11

sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint, and therefore denies the same.

*Count Four: Breach of Contract*
*(Emerson Aviation)*

65.     AVCO states that the allegations contained in Paragraph 65 of the Complaint do not assert any claims against AVCO for which a response is required.  To the extent that a further response is required, AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     AVCO states that the allegations contained in Paragraph 66 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Complaint, and therefore denies the same.

67.     AVCO states that the allegations contained in Paragraph 67 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Complaint, and therefore denies the same.

68.     AVCO states that the allegations contained in Paragraph 68 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Complaint, and therefore denies the same.

2480886.2

69.     AVCO states that the allegations contained in Paragraph 69 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore denies the same.

70.     AVCO states that the allegations contained in Paragraph 70 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore denies the same.

71.     AVCO states that the allegations contained in Paragraph 71 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. AVCO denies that AVCO is in any way liable.  To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore denies the same.

*Count Five: Negligence*
*(AVCO)*

72.     AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73.     AVCO admits that AVCO does manufacture IO-360-A1B60 engines.  AVCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 73 of the Complaint, and therefore denies the same.

74.     AVCO states that Paragraph 74 of the Complaint contains conclusions of law to which no response is required.  To the extent that a further response is required, AVCO admits

only that AVCO owed those duties described by applicable Federal and State Rules, Regulations, and Statutes.  AVCO denies that it owed the duty as stated by Plaintiffs.  AVCO denies the remaining allegations contained in Paragraph 74 of the Complaint.

75.     At this time, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     AVCO states that Paragraph 76 of the Complaint contains conclusions of law to which no response is required.  To the extent that a further response is required, AVCO admits only that AVCO owed those duties described by applicable Federal and State Rules, Regulations, and Statutes.  AVCO denies that it owed the duty as stated by Plaintiffs.  AVCO denies the remaining allegations contained in Paragraph 76 of the Complaint.

77.     AVCO denies the allegations contained in Paragraph 77 of the Complaint.

78.     AVCO states that Paragraph 78 of the Complaint contains conclusions of law to which no response is required.  AVCO states that 14 C.F.R. §23.1551 speaks for itself.  To the extent that a further response is required, AVCO denies the remaining allegations contained in Paragraph 78 of the Complaint.

79.     AVCO denies the allegations contained in Paragraph 79 of the Complaint.

80.     AVCO denies the allegations contained in Paragraph 80 of the Complaint.

81.     AVCO denies the allegations contained in Paragraph 81 of the Complaint.

82.     AVCO denies the allegations contained in Paragraph 82 of the Complaint.

83.     AVCO denies the allegations contained in Paragraph 83 of the Complaint.

84.     AVCO denies the allegations contained in Paragraph 84 of the Complaint.

85.     AVCO denies the allegations contained in Paragraph 85 of the Complaint.

86.     AVCO denies the allegations contained in Paragraph 86 of the Complaint.

87.     AVCO denies the allegations contained in Paragraph 87 of the Complaint.

88.     AVCO denies the allegations contained in Paragraph 88 of the Complaint.

89.     AVCO denies the allegations contained in Paragraph 89 of the Complaint.

90.     AVCO denies the allegations contained in Paragraph 90 of the Complaint.

91.     AVCO denies the allegations contained in Paragraph 91 of the Complaint.

92.     AVCO denies the allegations contained in Paragraph 92 of the Complaint.

*Count Six: Pain and Suffering*
*(AVCO)*

93.     AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94.     AVCO denies the allegations contained in Paragraph 94 of the Complaint.

95.     AVCO denies the allegations contained in Paragraph 95 of the Complaint.

96.     AVCO denies the allegations contained in Paragraph 96 of the Complaint.

*Count Seven: Negligent Infliction of Emotional Distress*
*(AVCO)*

97.     AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 96 of the Complaint as if fully set forth herein.

98.     AVCO denies the allegations contained in Paragraph 98 of the Complaint.

99.     AVCO denies the allegations contained in Paragraph 99 of the Complaint.

100.    AVCO denies the allegations contained in Paragraph 100 of the Complaint.

101.    AVCO denies the allegations contained in Paragraph 101 of the Complaint.

*Count Eight: National Union's Subrogation Claim*
*(Emerson Aviation)*

102.    AVCO states that the allegations contained in Paragraph 102 of the Complaint do not assert any claims against AVCO for which a response is required.  To the extent that a

further response is required, AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 101 of the Complaint as if fully set forth herein.

103.    AVCO states that the allegations contained in Paragraph 103 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 103 of the Complaint, and therefore denies the same.

104.    AVCO states that the allegations contained in Paragraph 104 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 104 of the Complaint, and therefore denies the same.

105.    AVCO states that the allegations contained in Paragraph 104 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 104 of the Complaint, and therefore denies the same.

106.    AVCO states that the allegations contained in Paragraph 105 of the Complaint do not assert any claims against AVCO and are conclusions of law to which no response is required. To the extent that a further response is required, AVCO lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 105 of the Complaint, and therefore denies the same.

2480886.2

*Count Nine: National Union's Subrogation Claim*
*(AVCO)*

107.   AVCO repeats and restates its responses to the allegations contained in Paragraphs 1 through 106 of the Complaint as if fully set forth herein.

108.   AVCO denies the allegations contained in Paragraph 108 of the Complaint.

109.   AVCO denies the allegations contained in Paragraph 109 of the Complaint.

110.   AVCO denies the allegations contained in Paragraph 110 of the Complaint.

111.   AVCO denies the allegations contained in Paragraph 111 of the Complaint.

*Jury Demand*

112.   AVCO denies the allegations contained in Paragraph 112 of the Complaint.

Unless specifically admitted above, AVCO denies every allegation of the Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiff STEPHEN CARDELLI was himself guilty of negligence in, *inter alia*, flying and/or operating the subject engine, flying and/or operating the subject airplane after using drugs or other intoxicants (including, but not limited to, marijuana, barbiturates, benzodiazepines, amphetamines, and opiates), failure to wear an available and fully operational shoulder harness, and/or other failure to exercise reasonable care, and this negligence was the legal cause of any and all damages suffered by Plaintiffs.  To any extent that Plaintiffs' damages claims are not barred in their entirety, Plaintiffs are only entitled to such damages, if any, as Plaintiffs can establish were legally caused by AVCO herein, which is denied.  If AVCO is found liable for the accident to any degree, any damages awarded in this case must be barred or reduced by the principles of

17

comparative negligence and/or contributory negligence in an amount commensurate with negligence assessed against STEPHEN CARDELLI.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs' alleged injuries were proximately caused by alleged defects or conditions in products not manufactured or sold by AVCO over which AVCO exercised no control and for whose operations AVCO bears no responsibility.  AVCO, therefore, cannot be held liable for the operation of such products.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the state-of-the-art defense because, *inter alia*, AVCO's product was designed in accordance with the state-of-the-art technology available at the time that the product was manufactured and sold and/or the risks complained of were not discoverable at the time of manufacture or sale given the then-existing research and scientific techniques.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the accident in this case was the result of the neglect, misuse, fault, want of due care, or other acts or omissions of Plaintiffs or some other party or parties other than AVCO (including, but not limited to, Defendant DAE Aviation Enterprises, Corp. d/b/a Emerson Aviation ["Emerson Aviation"]), for whose actions, omissions, or breach of legal duty AVCO is not liable or is liable only for AVCO's percentage of fault, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' state law based claims are barred because Federal law preempts such claims.

2480886.2

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Federal Aviation Association [the "FAA"] certified the engine and its components as safe and airworthy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs' claimed injuries and damages were caused in whole or in part by Plaintiffs' misconduct, including, but not limited to, misuse and/or abuse of the subject engine, and abnormal use of the subject engine.  Without admitting that there were any dangers, Plaintiffs' claimed injuries and damages were caused in whole or in part by Plaintiffs' failure to discover or foresee reasonable foreseeable dangers, failure to discover reasonably discoverable dangers, and Plaintiffs' unreasonably proceeding in the face of a known danger.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because AVCO is entitled to all of the rights, benefits, duties, defenses, and limitations imposed by the law of the state of Pennsylvania, to the extent that it is determined that Pennsylvania law applies to this cause of action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because AVCO it is entitled to all of the rights, benefits, duties, defenses, and limitation imposed by the law of the state of Delaware, to the extent that it is determined that Delaware law applies to this cause of action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because AVCO is entitled to all of the rights, benefits, duties, defenses, and limitations imposed by the law of the state of New Hampshire, to the extent that it is determined that New Hampshire law applies to this cause of action.

2480886.2

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because AVCO is entitled to all of the rights, benefits, duties, defenses, and limitations imposed by the law of the state of Maine, to the extent that it is determined that Maine law applies to this cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

AVCO hereby notifies Plaintiff of its intent to rely on the laws of jurisdictions other than Maine, to the extent applicable, in the resolution of one or more issues in this action, and Plaintiffs' claims are barred under such laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they were caused by the superseding and/or intervening acts of third parties for whom AVCO is not liable, including, without limitation, Emerson Aviation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the sophisticated user and/or learned intermediary doctrines.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs' alleged injuries or damages, if any, were not caused by the negligence or other fault of AVCO, but, rather, were proximately caused by the abnormal, unforeseeable, and/or unintended abuse, use, misuse, and/or alteration of the product at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any damages allegedly suffered by Plaintiff were the direct and proximate result of Plaintiffs' failure to read the warnings, recommendations, and instructions that accompanied the product, or were otherwise provided to Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because there are no existing warranties, whether express or implied, between AVCO and Plaintiff, and, even if any alleged warranties existed, Plaintiffs' claims are barred by Plaintiffs' failure to comply with the notice provisions as required by law (including the applicable state Uniform Commercial Code), the express terms of such alleged warranties, and/or the lack of privity of contract between AVCO and Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because AVCO was not negligent, did not furnish an unreasonably dangerous product, and did not make or breach any express or implied warranties that apply to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' own negligence and/or assumption of the risk.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any claim by Plaintiffs for exemplary or punitive damages against AVCO are impermissible under applicable law and/or unconstitutional pursuant to the terms and provisions of the Constitution of the United States and any applicable state constitution, including, without limitation: (a) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (b) the prescription of the Eighth Amendment to

21

the United States Constitution prohibiting the imposition of excessive fines, as applied to the states through the Fourteenth Amendment; and (c) the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.  AVCO further states that Plaintiffs' claims do not entitle Plaintiff to recovery for exemplary or punitive damages against AVCO, and, therefore, AVCO is not liable for such damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, to the extent that any claims asserted in Plaintiffs' Amended Complaint are based upon the substantive, internal law of a state or jurisdiction that is not the same as the substantive, internal law of the state or jurisdiction applied by the Court to this action, such claims are barred by applicable conflict-of-laws principles.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the General Aviation Revitalization Act of 1994, 49 U.S.C. § 40101 note.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by applicable Statutes of Repose.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

AVCO incorporates by reference herein, as if fully set forth herein, all defenses, both affirmative and otherwise, that are now or hereafter raised, pled, or asserted by any other defendant in this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to state a claim upon which relief can be granted.

2480886.2

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of assumption of risk.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by fraud, including without limitation failure to disclose required information in an application for and/or renewal of an airman certificate/pilot license.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by illegality, including but not limited to, use of illegal narcotics while operating an aircraft.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by lack of standing.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by payment.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by release.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by lack of subject-matter jurisdiction and/or lack of personal jurisdiction.

2480886.2

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by improper venue.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by insufficient process and/or insufficient service of process.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join a party under Rule 19, including, without limitation, Red Bird Aviation, LLC.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the economic loss doctrine.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any warnings, instructions, or communications in question were proper in that, *inter alia*, they contained the recommended amount of information to communicate to the user the dangerous potential of the product and the possible consequences of the product's misuse, conveyed a degree of caution commensurate with the degree of danger posed by the product, and/or were in compliance with industry guidelines and the required governmental standards for such warnings, instructions, or communications.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, at some time after the time that the product left the possession and control of AVCO, it was materially altered.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because their alleged injuries, if any, were directly and proximately caused or contributed to by the actions of Plaintiffs or other persons who caused changes and alterations to be made to the product, and said changes and alterations proximately

24

cause or contributed to Plaintiffs' alleged injuries and voided any and all alleged warranties, whether express or implied.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because AVCO furnished its product and/or component parts in strict conformity to the specifications furnished to AVCO.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

In the event that Plaintiffs have already entered into, or do in the future enter into, any settlement, or execute any release of any present or future defendant, third-party defendant, or any non-party, Plaintiffs' claims against all other defendants are reduced by the greater of: (a) the amount of consideration or payment received or to be received by Plaintiffs; (b) the proportionate or the pro rata share of liability of the settled or released party or non-party; or (c) the share of liability of the settled or released party or non-party as determined pursuant to the applicable comparative negligence statute and/or other applicable law.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because AVCO's product was used for a purpose, in a manner, or in an activity contrary to express adequate instructions or warnings appearing on or attached to the products or on their original containers or wrappings.  Alternatively, the absence of warnings on AVCO's product did not lead to reliance by Plaintiffs on the safety of any such product.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by failure to mitigate damages.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by any other matter constituting an avoidance or affirmative defense.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver of subrogation.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs and/or their agents failed to preserve and permitted the spoliation of material evidence.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Should AVCO be found liable to any Plaintiffs, which liability is expressly denied, AVCO is entitled to have any award abated, reduced, or eliminated to the extent that the negligence, carelessness, fault, or defects caused by the remaining parties in this action or by other persons or entities contributed to Plaintiffs' damages, if any.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' subrogation claims are barred to the extent that the insurance company made payments voluntarily, has not paid on a covered loss, and/or paid or agreed to pay for damages that were not legally required or were outside of an applicable contractual agreement or policy.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' subrogation claims are barred, in whole or in part, because one or more insured parties are primarily liable for the damages being pursued.

2480886.2

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because, upon information and belief, Plaintiff STEPHEN CARDELLI fraudulently represented in his application for an FAA first class medical certificate and his applications for airman medical certificate dating back to 1979 that he did not use any medication or illegal substances.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because 14 CFR § 61.53, *et seq.* and/or other applicable law prohibited Plaintiff STEPHEN CARDELLI from acting as a pilot in command, or in any other capacity as a required pilot flight crewmember, while he: (1) knows or has reason to know of any medical condition that would make him unable to meet the requirements for the medical certificate necessary for the pilot operation; (2) is taking medication or receiving other treatment for a medical condition that would make him unable to meet the requirements for the medical certificate necessary for the pilot operation; and/or (3) knows or has reason to know of any medical condition that would make him unable to operate the aircraft in a safe manner.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of Plaintiff STEPHEN CARDELLI's physical impairment, incapacitation, intoxication, and/or use of illicit or illegal drugs or other intoxicants, including, without limitation, marijuana, barbiturates, benzodiazepines, amphetamines, and opiates detected in his blood, lungs, kidneys, and/or urine by the FAA's Civil Aerospace Medical Institute during forensic toxicology testing.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by one or more disqualifying medical conditions of Plaintiff STEPHEN CARDELLI that disqualified him under applicable FAA regulations and/or other law

27

from being certified or acting as a pilot, including, without limitation, his use of marijuana, barbiturates, benzodiazepines, amphetamines, and opiates.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the owner of the subject aircraft (including, without limitation, Red Bird Aviation, LLC) failed to comply with all applicable laws and/or failed to satisfy all legal duties imposed upon aircraft owners, including, without limitation, owner obligations to inspect and perform an adequate run-up prior to use.

### SIXTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the pilot, crewmember, and/or other operator of the subject aircraft (including, without limitation, Plaintiff STEPHEN CARDELLI) failed to comply with all applicable laws and/or failed to satisfy all legal duties imposed upon pilots, crewmembers, and/or other operators of aircraft, including, without limitation, pilot obligations to inspect and perform an adequate run-up prior to flight.

### FURTHER DEFENSES

The allegations within the Complaint fail to set forth the claims with sufficient particularity to enable AVCO to determine all applicable affirmative defenses.  AVCO reserves the right to assert any additional defenses that may be applicable, to withdraw any defenses that are found to be inapplicable, and to more specifically assert affirmative defenses once the precise nature of the claims and additional facts are ascertained through discovery and further investigation.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38, AVCO demands a trial by jury on all issues that are so triable.

2480886.2

WHEREFORE, AVCO prays that the Honorable Court:

1.      Dismiss Plaintiffs' Complaint, with prejudice, and in its entirety;

2.      Award AVCO its costs and reasonable attorney fees; and

3.      Grant AVCO such other and further relief as it deems just.

Dated: July 6, 2011

Respectfully submitted,


/s/ Stephen D. Wilson
_____
Stephen D. Wilson, Esq.
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
(207) 791-3111 [fax]
swilson@preti.com

*Counsel for Defendant*
*Avco Corporation*

John P. O'Flanagan, Esq. (FL Bar #0072885)
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL 33602
(813) 221-1500
(813) 222-3066 [fax]
joflanagan@bankerlopez.com

*Counsel Pro Hac Vice for Defendant*
*Avco Corporation*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1) and Local Rule 5(c), I hereby certify that, on **July 6, 2011**, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Philip P. Mancini, Esq.<br>DRUMMOND & DRUMMOND, LLP<br>One Monument Way<br>Portland, ME  04101<br>(207) 774-0317<br>pmancini@ddlaw.com<br><br>*Counsel for Plaintiff*<br>*Tracy N. Cardelli (individually and as Personal Representative of her late husband, Stephen D. Cardelli, Jr.)* | Phillip E. Johnson, Esq.<br>Elizabeth L. J. Burnett, Esq.<br>JOHNSON & WEBBERT, LLP<br>160 Capitol Street<br>P.O. Box 79<br>Augusta, ME  04332<br>(207) 623-5110<br>pjohnson@johnsonwebbert.com<br>eburnett@johnsonwebbert.com<br><br>*Counsel for Plaintiff*<br>*National Union Fire Insurance Company of Pittsburgh, PA* |

The foregoing document is available for viewing and downloading from the CM/ECF system.

Dated: July 6, 2011          /s/ Stephen D. Wilson

_____
Stephen D. Wilson, Esq.
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
(207) 791-3111 [fax]
swilson@preti.com

*Counsel for Defendant*
*Avco Corporation*

2480886.2