UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRACY N. CARDELLI and ) <br> NATIONAL UNION FIRE ) <br> INSURANCE COMPANY OF ) <br> PITTSBURGH, P.A., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> DAE AVIATION ENTERPRISES, ) <br> CORP. D/B/A EMERSON ) <br> AVIATION, and AVCO ) <br> CORPORATION, ) <br> ) <br> Defendants ) | Civil no. 2:11-cv-217-NT |

### ORDER ON MOTION TO STAY

Defendant DAE Aviation, d/b/a Emerson Aviation, (hereafter "**Emerson Aviation**") moves to stay this case pending resolution of a declaratory judgment action it has brought in New Hampshire against its insurer. For the reasons that follow, the Court DENIES the motion.

This wrongful death suit was filed on May 27, 2011. The Complaint alleges that Stephen Cardelli, Jr. died when, on June 13, 2009, a Cessna airplane he was flying experienced engine failure and crashed. The Plaintiffs, Mr. Cardelli's widow and an insurance company that is subrogated to the rights of the decedent and his company, claim that Emerson Aviation failed to detect the fracture of an oil cooler return line attach nipple in an inspection of the Cessna it performed prior to this flight. The Plaintiffs also assert product liability claims against AVCO Corporation,

the manufacturer of the failed engine, which allegedly overhauled and installed the engine in the Cessna in 2002.

On December 14, 2011, Emerson Aviation moved to stay this case pending the resolution of a declaratory judgment action it filed in New Hampshire state court against its insurance company and that company's agents on November 22, 2011. That proceeding was removed, and is currently before the federal District Court for the District of New Hampshire, docket number 1:11-cv-00554-LM. In the New Hampshire case, Emerson Aviation requests a declaration that its insurer is required to provide coverage of up to $2 million to Emerson Aviation for any liability it may have in this case.

Emerson Aviation argues that resolution of the coverage question would enable or at least encourage the parties to settle this case, and it submits that a stay would conserve court and party resources. The parties' discovery plan in the New Hampshire case indicates that they expect to be trial-ready at the beginning of April, 2013.

Absent a statute or rule to the contrary, this Court possesses an inherent power to stay pending litigation for prudential reasons, including when the management of its docket reasonably requires such intervention. *See Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citing *Landis v. North Amer. Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66, 81 L.Ed. 153 (1936)), *Marquis v. F.D.I.C.,* 965 F.2d 1148, 1154 (1st Cir. 1992) (citing, *inter alia, Landis,* 299 U.S. at 254-55 (other citations omitted)). The First Circuit has cautioned, however, that a stay cannot be cavalierly dispensed: there must be

good cause for its issuance; it must be reasonable in duration; and the Court must ensure that competing equities are weighed and balanced. *Marquis*, 965 F.2d at 1155.

No doubt settlement discussions among the parties in this case are complicated by the question of how much insurance coverage is available to Emerson Aviation. However, the parties' assessment of liability and damages, which are ordinarily central to settlement discussions, and which form the subject matter of this suit, will be hampered by staying discovery in this case. Some amount of discovery, and along with it, the parties' and the Court's resources are likely to be required for the parties to effectively stake out their positions on liability and damages, irrespective of the question of insurance coverage. When other considerations are weighed in the balance, including the Plaintiffs' right and desire to proceed in this litigation without undue delay, co-Defendant AVCO Corporation's objection to this motion, and the prospect of a delay of over a year, the requested stay appears inadvisable.

Accordingly, the Defendant's motion for a stay of proceedings pending resolution of its declaratory judgment action is DENIED.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 22nd day of March, 2012.